Rialto Mining Corporation v. Commissioner.
Rialto Mining Corp. v. Commissioner
Docket No. 109365.
United States Tax Court
1942 Tax Ct. Memo LEXIS 9; 1 T.C.M. (CCH) 303; T.C.M. (RIA) 42676; 12/26/1942
*9 Tom F. Carey, Sr., C.P.A., First Nat'l Bank Bldg., Oklahoma City, Okla., for the petitioner. Frank B. Schlosser, Esq., for the respondent. SMITH Memorandum Findings of Fact and Opinion SMITH, Judge: This proceeding is for the redetermination of a deficiency in income tax for 1937 of $5,028.29. Certain of the issues raised by the pleadings have either been waived by the petitioner, conceded by the respondent, or stipulated. The only question left for decision is whether the petitioner is entitled to compute its allowance for depletion for the year 1937 on the percentage basis. Findings of Fact 1. Petitioner is a corporation organized under the laws of the State of Delaware, with its principal place of business at Picher, Oklahoma. 2. During the year 1937 and prior thereto petitioner was engaged in the business of mining lead and zinc ores in Ottawa County, Oklahoma. 3. At the time petitioner's income tax return for 1934 was due to be filed, and at the actual date of filing, a petition for redetermination of petitioner's income tax for 1929 was pending before the United States Board of Tax Appeals (Docket No. 64524). The question in issue in that proceeding was the cost basis of *10 petitioner's mining properties and allowable depletion thereon for 1929. The Board's decision on the 1929 case, following the Rule 50 computation, was entered on June 13, 1936. 4. The petitioner's original income tax return for the calendar year 1934 was filed on August 28, 1935, an extension of time for a late filing having been granted by the collector. The return was filed before the Board had promulgated its opinion in the above entitled proceeding. Such return for 1934 did not contain a statement that the petitioner elected to have the depletion allowance for the taxable year computed with or without regard to percentage depletion. Depletion based on cost was claimed on the return in the amount of $31,552.28. An amended return for 1934 was filed by the petitioner on June 13, 1936, or soon after the petitioner had received the Board's ruling upon its appeal involving its 1929 tax. In the amended return a claim to percentage depletion was made. 5. Both petitioner's original and amended returns for 1934 showed net losses, that of the original return being in the amount of $7,768.68 and of the amended return in the amount of $7,108.28. 6. The cost depletion claimed on the original *11 return for 1934 was on property known as the Corbett royalty, the same being income from sales of ores produced in earlier years which had been impounded during litigation and released and made available to the petitioner upon termination of such litigation during 1934. In its income tax return for 1933 the petitioner claimed the right to percentage depletion on the income from property here involved. The question as to whether it was entitled to deduct depletion on a percentage basis for 1933 was involved in proceedings before the Board in Docket No. 92184. Its right to deduct depletion on the percentage basis for 1933 was sustained by Board. 8. On or about March 15, 1938, petitioner filed a return for the year 1937 with the collector of internal revenue for the district of Oklahoma, claiming thereon percentage depletion, and showing a tax liability of $1,341.31. 9. At the time of filing its return for the calendar year 1937 the petitioner paid to the collector of internal revenue the sum of $1,200. 10. On or about June 10, 1938, the petitioner filed an amended return for the year 1937 again claiming a deduction for percentage depletion and showing a tax due in the amount of *12 $748.97. 11. On or about June 20, 1938, petitioner filed a claim for refund of taxes overpaid for the year 1937 in the amount of $451.03, or more. 12. In the adjustment of the petitioner's income tax return for the calendar year 1937 the respondent disallowed the deduction of excessive depletion in the amount of $12,921.98. Opinion The question for decision is whether the petitioner is entitled to compute its allowance for depletion for the year 1937 upon a percentage basis. In its original return for 1934 which showed a net loss from operations no statement was made as to whether the petitioner elected to compute its allowance for depletion on the cost basis or on the percentage basis. Depletion was claimed as a deduction from gross income in the amount of $31,552.28. That depletion was computed on the cost basis. But whether the depletion was computed on the cost basis or on the percentage basis the petitioner had no tax liability for 1934. In its income tax return for 1933 the petitioner computed its allowance for depletion upon the percentage basis. Under the provisions of the Revenue Act of 1932 the election made by a taxpayer in the first return under that act bound it for *13 all subsequent years. Petitioner contends that since it had made an election in the filing of its 1933 return it was not necessary to make a second election in its 1934 return. It furthermore claims that it was not in possession of all the facts which would enable it to make a valid election for 1934 at the time it was required to file and did file its original return for that year. It submits that as soon as it received the opinion of the Board as to the cost basis of its properties for the computation of depletion for 1929 it immediately filed an amended return for 1934, claiming an allowance for depletion computed on the percentage basis. There being no change in the ownership of the depletable assets of the petitioner between 1934 and 1937 the petitioner is bound under the Revenue Act of 1936 by its election, if any, made under the Revenue Act of 1934. ; affd., (C.C.A. 3rd Cir.), . The facts in this case are substantially the same as those which obtained in , decided *14 December 7, 1942. There the taxpayer had claimed percentage depletion in its income tax return for 1933. It neglected to state in its original return for 1934 whether depletion was being claimed on the basis of cost or on a percentage basis. The company had no net income for the year. At a later date it filed an amended return for 1934 claiming depletion upon the percentage basis and in its return for 1935 it claimed the allowance for depletion upon the same basis. This claim was disallowed by the respondent in the determination of a deficiency. The Supreme Court stated that the ultimate question before it was: * * * whether petitioner is entitled to a deduction in its 1935 income tax return for percentage depletion under Sec. 114(b)(4) of the Revenue Act of 1934, 48 Stat. 680, which allowed the deduction from gross income in the case of mines, etc., of specified percentages of gross income, but not to exceed 50% of the net income computed without regard to depletion allowance, and required that: "A taxpayer making his first return under this title in respect of a property shall state whether he elects to have the depletion allowance for such property for the taxable year for *15 which the return is made computed with or without regard to percentage depletion, and the depletion allowance in respect of such property for such year shall be computed according to the election thus made. If the taxpayer fails to make such statement in the return, the depletion allowance for such property for such year shall be computed without reference to percentage depletion. The method, determined as above, of computing the depletion allowance shall be applied in the case of the property for all taxable years in which it is in the hands of such taxpayer, * * *." The court held that the taxpayer was not entitled to deduct percentage depletion in its 1935 return because no election as required in section 114 (b) (4) of the Revenue Act of 1934 had been made in its 1934 return. The court held that an election to compute the depletion allowance on the percentage basis must be made in the original and not in an amended income tax return for 1934 if the taxpayer is to receive an allowance for depletion on the percentage basis in subsequent years. The decision of the Supreme Court is dispositive of the instant proceeding. At the hearing of this proceeding on March 28, 1942, it was *16 the contemplation of the parties that only the question considered above was to be referred to this Court for decision. One of the issues in this proceeding was whether the net taxable income of the petitioner for 1937 was overstated by an understatement of depreciation in the amount of $1,645.16 or more. At a hearing counsel for the petitioner stated: The net taxable income for the year is overstated by the understatement of depreciation sustained in the amount of $1,645.16. As I understand it respondent agrees that this adjustment should be made with the correction just previously stated in connection with the first item. The net taxable income for the year 1937 is overstated by the disallowance of drilling expense incurred during the year in the amount of $1,830.33 or more. To this proposition made by counsel for the petitioner counsel for the respondent stated: "Respondent concedes that is a deductible item for the purposes of this case." On brief the respondent denies that he conceded an understatement of depreciation sustained for 1937 in the amount of $1,645.16. Counsel for the petitioner contends that he did. Apparently there was not a meeting of minds between the parties. *17 The Court holds, however, that the effect of the stipulation is a concession on the part of the respondent that there was an understatement of depreciation in the return in the amount of $1,645.16. At the time he made the statement above quoted counsel for the petitioner was reading into the record the facts agreed upon by the parties. The failure of the respondent to note any dissent must be accepted as an acquiescence in the proposition stated. Decision will be entered under Rule 50.